## 2020-2021 SCHOOL TAX BILL
## TICONDEROGA CENTRAL SCHOOL
* For Fiscal Year 07/01/2020 to 06/30/2021     * Warrant Date 09/01/2020

Bill No.    000434
Sequence No.    349
Page No.    1 of 1

| MAKE CHECKS PAYABLE TO: | TO PAY IN PERSON | SWIS S/B/L ADDRESS & LEGAL DESCRIPTION & CK DIGIT |
|---|---|---|
| ANNE MICHALAK | HOURS: 9-11AM & 1-3PM FROM | **154800**    **150.43-4-12.100** |
| SCHOOL TAX COLLECTOR | SEPT 1 TO NOV 6 2020 | **Address:**   105 Montcalm St |
| TICONDEROGA CSD | EXCLUDING SAT SUN HOLIDAYS | **Town of:**   Ticonderoga |
| 5 CALKINS PL. (DISTRICT OFFICE) | TCSD DISTRICT OFFICE | **School:**   Ticonderoga |
| TICONDEROGA NY 12883 | ON AMHERST AVENUE | NYS Tax & Finance School District Code: 636 |

Cassidy Robert Craig
105 Montcalm St
Ticonderoga, NY 12883

481 - Att row bldg      **Roll Sect.** 1
**Parcel Acreage:**    0.10
**Account No.**   711A101409
**Bank Code**

**Estimated State Aid:**   SCHL 8,267,277

PROPERTY TAXPAYER'S BILL OF RIGHTS
The Total Assessed Value of this property is:     124,400
The **Uniform Percentage of Value** used to establish assessments in your municipality was:     100.00
The assessor estimates the **Full Market Value** of this property **as of July 1, 2019** was:     124,400

**If you feel your assessment is too high, you have the right to seek a reduction in the future. A publication entitled "Contesting Your Assessment in New York State" is available at the assessor's office and on-line: www.tax.ny.gov. Please note that the period for filing complaints on the above assessment has passed.**

| Exemption | Value | Tax Purpose | Full Value Estimate | Exemption | Value | Tax Purpose | Full Value Estimate |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**PROPERTY TAXES**

| Taxing Purpose | Total Tax Levy | % Change From Prior Year | Taxable Assessed Value or Units | Rates per $1000 or per Unit | Tax Amount |
|---|---|---|---|---|---|
| Town Of Ticonderoga | | | | | |
| School Tax | 12,469,250 | 2.9 | 124,400.00 | 10.711560 | 1,332.52 |

PLAINTIFF'S EXHIBIT NO. EX-01

CASE NO.:

IDENTIFICATION:

ADMITTED:

Property description(s): 16 Stoughton

| PENALTY SCHEDULE Due By: | Penalty/Interest | Amount | Total Due |
|---|---|---|---|
| 09/30/2020 | 0.00 | 1,332.52 | 1,332.52 |
| 11/02/2020 | 26.65 | 1,332.52 | 1,359.17 |
| 11/06/2020 | 39.98 | 1,332.52 | 1,372.50 |

**TOTAL TAXES DUE**     **$1,332.52**

Apply For Third Party Notification By: 07/01/2021
Taxes paid by _____ CA CH

**RETURN THE ENTIRE BILL WITH PAYMENT AND PLACE A CHECK MARK IN THIS BOX [ ] IF YOU WANT A RECEIPT OF PAYMENT. THE RECEIVER'S STUB MUST BE RETURNED WITH PAYMENT.**

## TICONDEROGA CENTRAL SCHOOL
## RECEIVER'S STUB

Town of:   Ticonderoga
School:   Ticonderoga
Property Address:   105 Montcalm St

Bill No.    000434
154800    150.43-4-12.100
Bank Code

Cassidy Robert Craig
105 Montcalm St
Ticonderoga, NY 12883

| Pay By: | | | |
|---|---|---|---|
| 09/30/2020 | 0.00 | 1,332.52 | 1,332.52 |
| 11/02/2020 | 26.65 | 1,332.52 | 1,359.17 |
| 11/06/2020 | 39.98 | 1,332.52 | 1,372.50 |

**TOTAL TAXES DUE**
**$1,332.52**

# Rutland Regional Medical Center

## Patient Summary

**Name:** CASSIDY, ROBERT C          **Current Date:** 03/06/17 17:20:46
**MRN:** 29642          **FIN:**
**Chief Complaint:** Dizziness; Fall; Dizziness; DIZZINESS

**Visit Date:** 3/06/2017 1:43 PM America/New_York
**Address:** 43 PLEASANT ST RUTLAND VT 057015009
**Phone:** (802) 417-7601

**Primary Care Provider:**
  **Name:** MARK MESSIER, MD
  **Phone:** (802) 773-3386

**Emergency Department Care Provider:**

PLAINTIFF'S EXHIBIT NO.     E X - 0 2
CASE NO.:
IDENTIFICATION:
ADMITTED:

Rutland Regional Medical Center would like to thank you for allowing us to assist you with your healthcare needs. The following includes patient education materials and information regarding your injury/illness.

**Please return to the Emergency Department immediately if your symptoms worsen.**

**Please call to schedule any appointments listed below within the next 24-48 hours**

**Follow-up Instructions**
CASSIDY, ROBERT C has been given these follow-up instructions:

| With: | Address: | When: |
|---|---|---|
| X MARK MESSIER | RUTLAND COMMUNITY HEALTH CENTER, 215 STRATTON ROAD RUTLAND, VT 05701 (802) 773-3386 Business (1) | Within 2 to 4 days |

**Comments:**

Return to ED if symptoms worsen
Bring current med list to next visit
Call for followup appointment and check on last tetanus
OK to take tylenol

$(57)$

CASSIDY, ROBERT C
Date of Birth 01/08/43
MRN 29642

1 of 7
FIN 7673188

(597)11159690-1.



STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE
328 STATE STREET
SCHENECTADY, NY 12305
(866) 298-7830

THIS AGENCY EMPLOYS AND SERVES
PEOPLE WITH DISABILITIES WITHOUT
DISCRIMINATION.

ROBERT C CASSIDY
DBA MOUNTAIN TIME AUCTIONS ANTIQUES &
MATTRESSES
105 MONTCALM ST
TICONDEROGA NY 12883-1354

| | |
|---|---|
| WCB EMPLOYER #: | 2905274 |
| UIER #: | 52-35277 |
| FEIN/SS #: | 475236656 |
| Penalty ID: | 2016W0013351 |
| Penalty Amount: | $12,000.00 |

## NOTICE OF PENALTY PURSUANT TO SECTION 52(5) OF THE WORKERS' COMPENSATION LAW

DATE:     06/02/2016

Based on information available to the New York State Workers' Compensation Board regarding ROBERT C CASSIDY (employer), the Board has determined that:

* Since 09/30/2015, the employer was required to provide workers' compensation insurance coverage for its employees.

* The Board has no record of coverage for the period 09/30/2015 to the present.

Therefore, the Workers' Compensation Board has determined that the employer is in violation of Workers' Compensation Law Section 52(5) for the period 09/30/2015 to the present. A penalty has been assessed for each 10 day period of non-compliance.

As of the date of this notice, the penalty against the employer (and, if incorporated, its President, Secretary, and Treasurer) totals $12,000.00. The Board strongly recommends that you request a review of this penalty if you were not required to have a policy. You should also request a review, to possibly reduce the penalty amount, even if you were required to have a policy. Please follow the directions contained in this notice to request a review. This penalty will continue to increase for every 10 days of non-compliance.

You will receive a periodic statement from the Board that details your penalty status until you secure coverage and pay all penalties in full or demonstrate that the employer was not required to have coverage.

(Continued on reverse)

## PAYMENT INSTRUCTIONS

In order to insure prompt credit of your payment, complete the information below
and return this portion with your payment to:
WORKERS' COMPENSATION BOARD
FINANCE OFFICE
328 STATE STREET
SCHENECTADY, NY 12305-2318
Please detach and return bottom portion with your payment.

MAKE CHECKS PAYABLE TO "UNINSURED EMPLOYERS FUND".
PLEASE INCLUDE YOUR WCB EMPLOYER NUMBER ON YOUR CHECK.

| Employer | ROBERT C CASSIDY | | |
|---|---|---|---|
| PLAINTIFF'S EXHIBIT NO. EX-03 | | WCB Employer # | 2905274 |
| | | Penalty ID | 2016W0013351 |
| CASE NO.: | | Check Amount | |
| IDENTIFICATION: | 42 | | |
| ADMITTED: | | | |

Page 1 of 2

As stated elsewhere in this complaint, Plaintiif's check 10178 for $220.46 was

paid by Plaintiff's bank on 2 June 2018, the exact date NYBOARD charged Plaintiff a

$12,000.00 penalty for not carrying Workers' Compensation insurance. Only in New

York…. Regarding Excessive fines violating 8th Amendment protections, in Browning-

Ferris Industries v. Kelco Disposal (1989) 492 U.S. 257 (1989) the Supreme Court held

> The language of the Excessive Fines Clause and the nature of our
> Constitutional framework make it clear that the Eighth Amendment places
> limits on the steps a government may take against an individual (par. 1(c)

> The District Court instructed the jury that it could award punitive damages
> on the state-law claims if it found by clear and convincing evidence
> that BFI's conduct "revealed actual malice, outrageous conduct,
> or constituted willful or reckless disregard of plaintiff's rights "Id., at 81
> It also told the jury that in determining the amount of punitive damages
> it could take into account the character of the defendants, their financial
> standing, and the nature of their acts (492 US 257,262)

> We think it clear, from both the language of the Excessive Fines Clause
> and the nature of our constitutional framework, that the Eighth
> Amendment places limits on the steps a government may take against
> an individual, whether it be keeping him in prison, IMPOSING
> EXCESSIVE MONETARY SANCTIONS, or using cruel and unusual
> Punishments (EMPHASIS MINE) (492 US 257, 276)

> The character of a sanction imposed as punishment "is not changed by
> The mode in which it is inflicted, whether BY A CIVIL ACTION or a
> Criminal prosecution." United States v. Chouteau, 102 U.S. 603,611
> (1881). As the Court wrote only recently, "a civil action that cannot fairly
> be said solely to serve a remedial purpose but rather can be
> explained only as also serving retributive or deterrent purposes,
> IS PUNISHMENT." (EMPHASIS MINE) United States v. Halper,
> 490 U.S. 435,448 (1989) quoted in BFI v. Kelco (492 U.S. 257,299

PLAINTIFF requests the Court take judicial notice that Timbs v. Indiana (a case pending

before the Supreme Court that settles whether the Excessive Fines Clause applies to

State and local governments under the due process Clause of the Fourteenth Amendment)

( 19 )

PLAINTIFF'S EXHIBIT NO. ___EX-04___

CASE NO.: _____

IDENTIFICATION:
12-4-2018  AMENDED  COMPLANT

ADMITTED: _____ PAGE  19



**NEW YORK STATE** | **Workers' Compensation Board**

ANDREW M. CUOMO
Governor

KENNETH J MUNNELLY
Chair

## WORKERS COMPENSATION

October 07th, 2016

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA NY 12883-1354

Emp#: 2905274
Period of Non-compliance:09/30/15 to Date
Penalty Amount: $18,000.00
Penalty Order #: 2016W0013351
FMIS#: 1846275

Dear Sir or Madam:

Your correspondence regarding the above cited penalty for failure of an employer to provide Workers Compensation coverage as required by Workers Compensation Law has been received for review by the Penalty Review Unit. After a review of the submitted material, the Board has determined that you are subject to the coverage requirements of the WCL. However, the Board is unable to consider your request for re-determination for the following reason:

The employer is currently not in compliance with the requirements for coverage under the Workers Compensation Law for the above period. **No proof of coverage has been received from your insurance company. Your policy with State Insurance Fund is still under your old Federal ID#.**

Please be advised that if you are subject to the Workers Compensation Law and have not obtained Workers Compensation coverage, penalties will be issued for all periods in which coverage was not in effect.

Please advise *your NYS Workers' Compensation Insurance carrier. THE STATE INSURANCE FUND* to submit your coverage information **electronically.** This carrier should report this policy using your **correct** Federal ID#**475233656.**

Penalty Review Unit (NEG)



PLAINTIFF'S EXHIBIT NO. EX - 05

CASE NO.:

IDENTIFICATION:

ADMITTED:

B) 750-5157 | www.WCB.NY.Gov

# PHS MEMO

Monday, March 2, 2020 11:27:17 AM

Memo Index Keys:

| | |
|---|---|
| EFILE ID | 49491467 |
| WC Policy Number | 13518154 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Memo Id | 4108474 | Type | Generic Memo | Key Set | (...) | Status | Active |
| Create Date | 06/03/2016 07:43:47 | | | Location | Server | Exp. Date | |
| Created By | Raga Kelsey | | | Priority | Normal | Recycled Dt | |
| Department | Not Assigned | | | Permission | Public | Recycled By | |
| System | EFILE | | | Attributes | View Only | | |
| Subj. Type | Other | | | | | | |
| Subject | Other - eFile | | | | | | |
| Memo Text | Total Entries: 1 | | | | | | |

Created by **raga kelsey** on **06/03/2016 07:43:47** (Not Assigned)

Received proper cancellation request signed by rep for OB. Policy Cancelled.

PLAINTIFF'S EXHIBIT NO. $E \times -06$

CASE NO.:

IDENTIFICATION:

ADMITTED:

**Defendants' Disclosure - 0114**
3/2/2020



# NEW YORK STATE WORKERS' COMPENSATION BOARD
## BUREAU OF COMPLIANCE

BILLING STATEMENT FOR: **ROBERT C CASSIDY**

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY  12883-1354

| | |
|---|---|
| **WCB EMPLOYER NUMBER:** | 2905274 |
| FMIS Account Number: | 1846275 |
| Statement Date: | February 14, 2018 |
| Statement Group: | 15 |

**SECTION A.**   This section lists all outstanding penalties issued against you for non-compliance with the Workers' Compensation Law. Violation found under Section 52(5)

| Penalty Order # | Description | Penalty Period | Opening Balance | New Charges | Adjustments | Payments Received | Closing Balance |
|---|---|---|---|---|---|---|---|
| 2016W0013351 | Penalty for not having Workers' Compensation Insurance | 09/30/2015 – 12/31/2016 | 22,500.00 | 0.00 | 0.00 | 0.00 | 22,500.00 |

**SUMMARY SECTION**

| | Opening Balance | New Charges | Adjustments | Payments Received | Total Due |
|---|---|---|---|---|---|
| **Summary Total of Activity** | 22,500.00 | 0.00 | 0.00 | 0.00 | 22,500.00 |

* The Total Due in Summary Section includes $22,500.00 net due in judgments obtained in New York State Supreme Court



PLAINTIFF'S EXHIBIT NO. EX-07

CASE NO.:

IDENTIFICATION:

ADMITTED:





55

FM-600WC

3073

# OFFICE OF THE ESSEX COUNTY CLERK



**JOSEPH A. PROVONCHA**
Essex County Clerk
Clerk, Supreme and County Courts
Records Management Officer

PLAINTIFF'S EXHIBIT NO.   EX - 08

CASE NO.:

IDENTIFICATION:

ADMITTED:

July 16, 2019

Please take notice:

On July 12, 2019, Robert Craig Cassidy of 105 Montcalm Street, Town of Ticonderoga, County of Essex, State of New York requested a records search of judgments, liens and / or attachments filed in the Office of the Essex County Clerk against him individually or his business, Mountain Time Auctions, Antiques and Mattresses.

No judgments or liens were found to be filed in this Office against Robert Craig Cassidy or Mountain Time Auctions, Antiques and Mattresses. There are currently two open mortgages on record naming Robert Craig Cassidy as mortgagor. Please see attached search results.

The records of the Essex County Clerk may be searched and viewed online at www.searchiqs.com/nyess.

Sincerely,

Joseph A. Provoncha
Essex County Clerk

---

State of New York
County of Essex

On July 16.2019   before me, the undersigned, personally appeared   Joseph A. Provoncha

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted; executed the instrument.

PAMELA J WILLIAMS
Notary Public, State of New York
Registration #04WI6060109
Qualified in Essex County
Commission Expires June 11, 20__

Pamela Williams
(Signature and office of individual taking acknowledgment)

Search Results
Search Date: 07/15/2019 02:27 PM
Verified Date: 06/21/2019


Search Criteria:
   Recording Date  =  ALL
   Party Name    MOUNTAIN TIME AUC*


| PARTY | OPPOSITE PARTY | REC DATE | INSTRUMENT | DESCRIPTION | TOWN |
|-------|----------------|----------|------------|-------------|------|
| MOUNTAIN TIME AUCTIONS | HARKER RICHARD D | 07/06/2006 | 22/187 | DOING BUSINESS AS | |
| MOUNTAIN TIME AUCTIONS | HARKER RICHARD D | 08/19/2015 | 48/29 | DBA DISCONTINUANCE | |
| MOUNTAIN TIME AUCTIONS ANTIQUES | CASSIDY ROBERT CRAIG | 08/19/2015 | 48/28 | DOING BUSINESS AS | |

---

name(s) found in 3 document(s)

---

PLAINTIFF'S EXHIBIT NO.  Ex-09

CASE NO.:

IDENTIFICATION:

ADMITTED:

Subj:    **WORKERS COMPENSATION REPORTING**
Date:    3/11/2016 11:26:30 A.M. Eastern Standard Time
From:   wfarnan@nysif.com
To:      VTCASSIDY@AOL.COM
CC:     kleffler@nysif.com, tcowles@nysif.com

Good morning,

Per our conversation, please use this link:

https://www.nysif.com/efroi/reportaninjuryentry.aspx    to file the
*Employers' Report of Injury* for the incident involving WILLIAM C. NORTON's
accident of 10/28/2015.

The Loss ID# for this case is 68495290.  You will be asked to enter it when
you begin to file the report.
The policy number to use is 13518154

If you have any questions, please feel free to call me directly.

William J. Farnan
CuSRII
First Report of Injury - eFROI
Albany Business Office
New York State Insurance Fund
Telephone: (518)437-8050
Fax : (518) 437-8043

This e-mail transmission contains confidential information that is the property of the sender. If you are not the intended recipient, you are notified that any retention, disclosure, reproduction or distribution of the contents of this e-mail transmission, or the taking of any action in reliance thereon or pursuant thereto, is strictly prohibited. No warranty is given by NYSIF that this e-mail is free of viruses, interception or interference. NYSIF disclaims liability for any unauthorized opinion, representation, statement, offer or contract made by the sender on behalf of NYSIF. Jurisdiction for all actions arising out of dealings with NYSIF shall lie only in a court of competent jurisdiction of the State of New York.

PLAINTIFF'S EXHIBIT NO.    *Ex - 10*

CASE NO.:

IDENTIFICATION:

ADMITTED:

(31)

PLAINTIFF'S EXHIBIT NO. EX - 11

CASE NO.:

IDENTIFICATION:

ADMITTED:

The Workers' Compensation Law establishes a procedure whereby Workers' Compensation Board statutory penalties can be converted to a judgment after certain administrative steps are completed. *See* WCL §23, §26, §52(5).

During the briefing of Defendants' most recent Motion to Dismiss, Attorney Joseph Slater, relying on the employer file contained in the WCB's electronic Insurance Compliance-2 system[2] (Dkt. 47-3, ¶1), indicated in his submission to this Court that a judgment was filed against the Plaintiff on March 30, 2018 (Dkt. 47-3, ¶9), and that there was no indication that anything was received by the Board from the Plaintiff between the time that the Board's penalty notice was sent to the Plaintiff and when the judgment was believed to have been filed (Dkt. 47-3, ¶10). In relaying this information to the Court, Attorney Slater relied on the WCB's electronic file, which indicated that all of the customary judgment documents were sent for filing, as well as an electronic confirmation, indicating that the judgment documents had been filed. *See* Dkt. 55-1, *Slater Reply Aff.*, ¶¶5-6.

Following Defendants' submission, Plaintiff provided proof to this Court indicating that the Defendants' information concerning the judgment was not accurate. *See* Dkt. 50. Although the WCB's IC-2 system showed that the judgment had been filed, it had not, in fact, been filed. *See* Dkt. 50.

Immediately after having received this information, Attorney Joseph Slater attempted to locate the judgment that he believed had been filed. *See* Dkt. 55-1, *Slater Reply Aff.*, ¶8. Attorney

---

[2] The Board's "Insurance Compliance-2" system, or "IC-2" system, is a proprietary computer-based system designed, operated and maintained by the Board, which the Board uses to ensure that New York State employers comply with their respective workers' compensation coverage requirements. As is germane to the instant action, the IC-2 system is also utilized by the Board to issue penalty notices and, ultimately, to issue judgments to non-compliant employers, as well as to organize and adjudicate all employer-initiated redetermination requests.

4

# Impairing the obligation of contracts legal definition of Impairing the obligation of contracts

https://legal-dictionary.thefreedictionary.com/Impairing+the+obligation+of+contracts

## Impairing the obligation of contracts

IMPAIRING THE OBLIGATION OF CONTRACTS. The Constitution of the United States, art. 1, s. 9, cl. 1, declares that no state shall "pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts."

2. Contracts, when considered in relation to their effects, are executed, that is, by transfer of the possession of the thing contracted for; or they are executory, which gives only a right of action for the subject of the contract. Contracts are also express or implied. The constitution makes no distinction between one class of contracts and the other. 6 Cranch, 135; 7 Cranch, 164.

3. The obligation of a contract here spoken of is a legal, not a mere moral obligation; it is the law which binds the party to perform his undertaking. The obligation does not inhere or subsist in the contract itself, proprio vigore, but in the law applicable to the contract. 4 Wheat. R. 197; 12 Wheat. R. 318; and. this law is not the universal law of nations, but it is the law of the state where the contract is made. 12 Wheat. R. 213. Any law which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulations in the contract, necessarily impairs it. 12 Wheat. 256; Id. 327; 3 Wash. C. C. Rep. 319; 8 Wheat. 84; 4 Wheat. 197.

4. The constitution forbids the states to pass any law impairing the obligation of contracts, but there is nothing in that instrument which prohibits Congress from passing such a law. Pet. C. C. R. 322. Vide, generally, Story on the Const. Sec. 1368 to 1891 Serg. Const. Law, 356; Rawle on the Const. h.t.; Dane's Ab. Index, h.t.; 10 Am. Jur. 273-297.

A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.

PLAINTIFF'S EXHIBIT NO.   EX - 12

CASE NO.:

IDENTIFICATION:

ADMITTED:



# BUSINESS CERTIFICATE

Office of the Essex County Clerk
7559 Court Street, PO Box 247
Elizabethtown, NY 12932
(518) 873-3601

**Joseph A. Provoncha**
Essex County Clerk

1500120

PLAINTIFF'S EXHIBIT NO. EX-13

CASE NO.:

IDENTIFICATION:

ADMITTED:

**I HEREBY CERTIFY** that I am conducting or transacting business under the name or

designation of MOUNTAIN TIME AUCTIONS, ANTIQUES AND MATTRASSES

at 105 MONCALM STREET

City or Town of TICONDEROGA in the County of Essex, State of New

York. My full name is * ROBERT CRAIG CASSIDY

and I reside at 43 PLEASANT STREET RUTLAND CITY,

VERMONT 05701-5009 .

*Print or type name*

**\*I FURTHER CERTIFY** that I am the successor in interest to

RICHARD D. HARKER

the person or persons heretofore using such name or names to carry on or conduct or

transact business.

*\* Fill out ONLY if you are purchasing this business from another person / entity.*

**IN WITNESS WHEREOF,** I have signed this certificate on this 19 day of

AUGUST , 20 15 .

Signature

ROBERT CRAIG CASSIDY
*Print*

**STATE OF NEW YORK**
**COUNTY OF ESSEX ss.**

On this 19th day of August 20 15 before me, the undersigned, personally appeared
Robert C. Cassidy
personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose
name is subscribed to the within instrument and acknowledged to me that he/she executed the same in
his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf
of which the individual acted, executed the instrument.

at _105 MONCALM STREET_

City or Town of _TICONDEROGA_ in the County of Essex, State of New York. My full name is * _ROBERT CRAIG CASSIDY_ and I reside at _43 PLEASANT STREET RUTLAND CITY, VERMONT 05701-5009_

* Print or type name

\* **I FURTHER CERTIFY** that I am the successor in interest to _____ _RICHARD D. HARKER_

the person or persons heretofore using such name or names to carry on or conduct or transact business.

* Fill out ONLY if you are purchasing this business from another person / entity.

**IN WITNESS WHEREOF,** I have signed this certificate on this _19_ day of _AUGUST_ , 20_15_.

_____
Signature

_ROBERT CRAIG CASSIDY_
Print

ENTERED AND FILED
ESSEX COUNTY CLERK
2015 AUG 19 PM 3:
ELIZABETH...NY 1

**STATE OF NEW YORK**
**COUNTY OF ESSEX** ss.

On this _19th_ day of _August_ 20_15_ before me, the undersigned, personally appeared _Robert C. Cassidy_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Signature and office of individual taking acknowledgment

Stephanie DeZalia
Notary Public, State of New York
No. 04DE6115156
Residing in the County of Essex
My Commission Expires August 30, _2016_

---

PLAINTIFF'S EXHIBIT NO. _EX-14_

CASE NO.:

IDENTIFICATION:

ADMITTED:

at _105 MONCALM STREET_

City or Town of _TICONDEROGA_ in the County of Essex, State of New York. My full name is * _ROBERT CRAIG CASSIDY_

and I reside at _43 PLEASANT STREET RUTLAND CITY,_ _VERMONT 05701-5009_ .

*Print or type name*

**·I FURTHER CERTIFY** that I am the successor in interest to _____

_____ _RICHARD D. HARKER_ _____

the person or persons heretofore using such name or names to carry on or conduct or transact business.

*Fill out ONLY if you are purchasing this business from another person / entity.*

**IN WITNESS WHEREOF,** I have signed this certificate on this _19_ day of _AUGUST_ , 20_15_ .

_____
Signature

_ROBERT CRAIG CASSIDY_
Print

ENTERED AND FILED
ESSEX COUNTY CLERK
2015 AUG 19 PM 3:
ELIZABETH TOWN, NY 12

**STATE OF NEW YORK**
**COUNTY OF ESSEX** ss.

On this _19th_ day of _August_ 20 _15_ before me, the undersigned, personally appeared
_Robert C. Cassidy_

**STATE OF NEW YORK**
**COUNTY OF ESSEX** SS:
**CLERK'S OFFICE**

I, Joseph A. Provoncha, Clerk of said County, do hereby certify that I have compared the foregoing copy of
_____ _Business Certificate_ _____
with the original on file in this office, and that it is a correct transcript thereof, and the whole of said original, which said original was duly filed and entered on the _19th_ day of _August_ , _2015_ .
    IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal this _19th_ day of _August_ , _2015_ .

By _____ Clerk
_____ Deputy

PLAINTIFF'S EXHIBIT

EX-15

CASE NO.:

IDENTIFICATION:

ADMITTED:

**E. Stockton Martin Agency Inc.**
84 Montcalm St., Ste. One
Ticonderoga, NY 12883
518-585-6705   Fax: 518-585-6750
Ddorsett94@gmail.com
02/011/2016

Mountain Time Furniture
ATTN: Craig Cassidy
105 Montcalm St.
Ticonderoga, NY 12883

Dear Mr. Cassidy:

Once again I have enclosed paperwork which requires original signatures from you and Mr. Harker.

I spoke in length yesterday to Mr. Dion from the New York State Insurance Fund and he is adamant that he receive these signatures ASAP.

If he does not receive them soon both you and Mr. Harker are facing serious fines.

Please put your tax E.I.N. # on the form not Mr. Harker's.

As a courtesy I have tried to help you resolve this issue. Now I am leaving it in your hands as Mr. Harker no longer carries insurance with my agency.

Once again overnight to Mr. Harker with your signature and ID and then please ask Mr. Harker to sign and over-night to: New York State Insurance Fund – State Office Building Campus – Albany, NY 12240-0339.

Do not delay. Time is of the essence.

Sincerely,

Darlene

Darlene Dorsett Broker

| PLAINTIFF'S EXHIBIT NO. | EX - 16 |
|---|---|
| CASE NO.: | |
| IDENTIFICATION: | |
| ADMITTED: | |

BY: _____ DEPUTY CLERK

# PHS MEMO

Memo Index Keys:

| | |
|---|---|
| EFILE ID | 48819391 |
| WC Policy Number | 13518154 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Memo Id | 4097442 | Type | Generic Memo | Key Set | (...) | Status | Active |
| Create Date | 05/24/2016 14:14:44 | | | Location | Server | Exp. Date | |
| Created By | Raga Kelsey | | | Priority | Normal | Recycled Dt | |
| Department | Not Assigned | | | Permission | Public | Recycled By | |
| System | EFILE | | | Attributes | View Only | | |
| Subj. Type | Cancellation/Reinstatement | | | | | | |
| Subject | OB | | | | | | |
| Memo Text | Total Entries: 1 | | | | | | |

Created by raga kelsey on 05/24/2016 14:14:44 (Not Assigned)

Received Accord Cancellation form no reason given and no signature. Called and spoke with Darlene at rep advised need signature and reason. Darlene advised assured moved to Colorado and sold business, advised she can sign and need reason as business sold. SHe will email updated form to me.

PLAINTIFF'S EXHIBIT NO. E X -17
CASE NO.:
IDENTIFICATION:
ADMITTED:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
CASE NO. 18-CV-394
PLAINTIFF EXHIBIT NO. P₀48
DATE ENTERED
JOHN M. DOMURAD, CLERK
BY:
DEPUTY CLERK

Defendants' Disclosure - 0113
2020

PLAINTIFF'S EXHIBIT NO. EX — 18
CASE NO.:
IDENTIFICATION:
ADMITTED:

**Kelsey Raga**

| | |
|---|---|
| From: | Kelsey Raga |
| Sent: | Thursday, August 04, 2016 2:32 PM |
| To: | 'ddorsett94@gmail.com' |
| Subject: | Policy # 13518154. |
| Attachments: | payroll report final.pdf; payroll report 15-16.pdf |

Good Afternoon:

NYSIF received no correctly completed and signed assignment of interest forms for this policy and no assignment of interest can be processed on the policy since it was cancelled on 6/23/16.

The assignment of interest forms were sent by Titian Dion on 10/29/15.

The notes indicate that we received the forms on 12/24/15 but they did not have the correct signatures owner Richard Harker did not sign the form. Titian contacted your agency on 1/20/16 to advise how forms needed to be completed. On 2/10/16 NYSIF received the forms again this time it was only signed by Mr. Harker and all the other needed information was missing, Titian called again and returned the forms for correction.

On 2/12/16 Titian called the store phone # and spoke with Robert Cassidy , who states that he has been paying the comp bills. He explained that we can transfer the interest, we just need the transfer of interest forms filled out correctly and signed by both interested parties.

To date NYSIF has not received the correctly completed original assignment of interest forms.

On 5/24/16 NYSIF received an accord cancelation request with no reason given and no signature, I called and advised that a reason and the signature was needed, and that the rep can sign the request since your agency advised the assured had moved to Colorado and sold the business.

On 6/3/16 We received the signed cancellation request and placed the policy in cancelation for Out of business due to the business being sold.

The policy Cancelled on 6/23/16.

It cannot be reinstated and we cannot process an assignment of interest. Mr Cassidy will need to apply for a Workers' Compensation quote to obtain a Workers' Compensation policy.

There are two final payroll reports to be completed by Mr. Harker to finalize the policy.

Thank You
Kelsey Raga

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. 18-CV-394

PLAINTIFF EXHIBIT NO. P o 59

DATE ENTERED _____
JOHN M. DOMURAD, CLERK

BY: _____
DEPUTY CLERK

Defendants' Disclosure - 0085

*attn i Kelsey*

*E. Stockton Martin Agency Inc.*
*84 Montcalm St., Ste. One*
*Ticonderoga, NY 12883*
*518-585-6705   Fax: 518-585-6750*
*Ddorsett94@gmail.com*
*08/04/2016*

*New York State*
*Insurance Fund*
*1 Watervliet Ave. Ext.*
*Albany, NY 12206-1649*

*Dear Kelsey:*

*RE: A 1351 815 4*

| | |
|---|---|
| PLAINTIFF'S EXHIBIT NO. | EX – 19 |
| CASE NO.: | |
| IDENTIFICATION: | |
| ADMITTED: | |

*Mr. Richard Harker the former business owner of the above policy has been trying to resolve an issue with the new business owner in regards to the workers comp policy.*

*Policy number A13518154 payments have been made by the new owner Robert Craig Cassidy, the problem is he has been paying the payments under the former owner's name.*

*I spoke in length with Tition Dion on numerous occasions and Mr. Dion even spoke to the new owner to resolve this issue.*

*Mr. Richard Harker formerly owner of Mountain Time Furniture NYS UI ER # is 46 16668 his employer # is 35 1923653.*

*The new owner of the property Robert Craig Cassidy business name is Mountain Time Auctions, Mr. Robert Craig Cassidy Fed ID # is 47 5236656. I have attached a copy of his payroll report to show that. Also attached please find a copy of a bank statement showing that he paid the workers comp payment under Mr. Harker's policy number.*

*The last payroll report submitted by Mr. Richard Harker was on 08/15/2015.*

| |
|---|
| UNITED STATES DISTRIC[T] |
| NORTHERN DISTRICT OF N[ ] |
| CASE NO. 18-CV-394 |
| PLAINTIFF EXHIBIT NO.  P[ ] |
| DATE ENTERED _____ |
| JOHN M. DOMURAD, C[ ] |
| BY: _____ |

Once again attached find the assignment of interest form signed by all parties, payroll report for Mr. Cassidy and the final 941 filed by Richard Harker.

Mr. Cassidy indicates that he received a notice that he is facing over a $12,000 fine. I do know that he has been paying workers comp but not under his name or his business name and maybe he can receive credit for these payments.

I really appreciate any input or assistance that you can offer.

In the meantime Mr. Harker should have received a credit of $ 1749.69 but due to the automatic renewal of the policy he did not receive this Mr. Cassidy did. Mr. Harker would of course like the return of the credit.

Thank you for your time.

Darlene Dorsett - Agent

PLAINTIFF'S EXHIBIT NO.   EX - 20

CASE NO.:

IDENTIFICATION:

ADMITTED:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. 18-CV-394

PLAINTIFF EXHIBIT NO. ___P 057___

DATE ENTERED _____
JOHN M. DOMURAD, CLERK

BY: _____
            DEPUTY CLERK

PAGE 2/12 * RCVD AT 8/4/2016 1:00:06 PM [Eastern Daylight Time] * SVR:SYR-RFAX1/12 * DNIS:4378910 * CSID: * DURATION (mm-ss):10-22

Defendants' Disclosure - 0074

PLAINTIFF'S EXHIBIT NO.

CASE NO.:                    EX - 20A

IDENTIFICATION:

ADMITTED:

**NYCOURTS.GOV**

**Find the Help You Need
to Represent Yourself in NY Courts**

## Statute of Limitations

Statutes of limitations are laws which say how long, after certain events, a case may be started based on those events.

| Case | Time Since | The Law |
|------|-----------|---------|
| Arson | No time limit, 2 or 5 years depending on the facts | N.Y. Crim. Proc. § 30.10(2)(a) or (b) or (c) |
| Assault/Battery | 1 year from act (Civil); 2 or 5 years depending on the facts (Criminal) | N.Y. C.P.L.R. § 215(3) & N.Y. Crim. Proc. § 30.10(2)(b) or (c) |
| Burglary | 2 or 5 years depending on the facts | N.Y. Crim. Proc. § 30.10(2)(b) or (c) |
| Car accidents | 3 years from date of accident | N.Y. C.P.L.R. § 214(4); |
| Class A felony | No statute of limitations | N.Y. Crim. Proc. § 30.10(2)(a) |
| Contract in writing | 6 years | N.Y. C.P.L.R. § 213(2) |
| Contract oral or not in writing | 6 years | N.Y. C.P.L.R. § 213(2) |
| Debt collection | 6 years | N.Y. C.P.L.R. § 213(2) |
| Emotional distress (intentional) | 1 year from act | N.Y. C.P.L.R. § 215(3); 14 N.Y.Prac., New York Law of Torts § 1:40 |
| Emotional distress (negligent) | 3 years from date of accident | 75A N.Y. Jur. 2d Limitations and Laches § 215 |
| Enforcing court judgments | 20 years | N.Y. C.P.L.R. § 211(b) |
| False imprisonment | 1 year (Civil) | N.Y. C.P.L.R. § 215(3) |
| Fraud | 6 years | N.Y. C.P.L.R. §213(8) |
| Kidnapping | No time limit or 5 years depending on the facts | N.Y. Crim. Proc. § 30.10(2)(a) or (b) |
| Legal malpractice | 3 years | N.Y. C.P.L.R. § 214(6) |
| Libel/Slander | 1 year from act | N.Y. C.P.L.R. § 215(3) |
| Manslaughter 1st & 2nd degrees | 5 years | N.Y. Crim. Proc. § 30.10(2)(b) |
| Medical malpractice | 2 years and 6 months from date of malpractice or from end of continuous treatment rendered by the party or entity you intend to sue for a particular condition, illness or injury | N.Y. C.P.L.R. § 214-a |
| Misdemeanors | 2 years | N.Y. Crim. Proc. § 30.10(2)(c) |
| Mortgages | 6 years | N.Y. C.P.L.R. § 213(4) |
| Murder, 1st degree | No time limit | N.Y. Crim. Proc. § 30.10(2)(a) |
| New York City & New York State | 90 days to give notice; 1 year and 90 days | N.Y. C.P.L.R. § 217-a |
| Other felonies | 5 years | N.Y. Crim. Proc. § 30.10(2)(b) |
| Other negligence resulting in personal injury | 3 years from date of accident | N.Y. C.P.L.R. § 214(5) |
| Petty offense | 1 year | N.Y. Crim. Proc. § 30.10(2)(d) |
| Product liability | 3 years from date of accident | N.Y. C.P.L.R. § 214(3) |
| Property damage | 3 years | N.Y. C.P.L.R. § 214(4)  or N.Y. C.P.L.R. § 214-c |
| Rape | No time limit | N.Y. Crim. Proc. § 30.10(2)(a) |
| Receiving stolen property | 2 or 5 years depending on the facts | N.Y. Crim. Proc. § 30.10(2)(b) or (c) |
| Robbery | 5 years | N.Y. Crim. Proc. § 30.10(2)(b) |
| Slip and fall | 3 years from date of accident | N.Y. C.P.L.R. § 214(5) |
| Store credit cards | 4 years | N.Y. UCC 2-725(1) |
| Theft ("Larceny") | 2 or 5 years depending on the facts | N.Y. Crim. Proc. § 30.10(2)(b) or (c) |
| Trespass | 3 years | N.Y. C.P.L.R. § 214(4) |
| Wrongful death | 2 years from death | N.Y. E.P.T.L. § 5-4.1 |

PLAINTIFF'S EXHIBIT NO. $EX-21$

CASE NO.:

IDENTIFICATION:

ADMITTED:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT CRAIG CASSIDY, D/B/A MOUNTAIN
TIME AUCTIONS, ANTIQUES, AND MATTRESSES,

                            *Plaintiff,*

          -against-

CLARISSA M. RODRIGUEZ, CHAIR, NEW YORK
WORKERS' COMPENSATION BOARD IN HER
OFFICIAL CAPACITY, TITIAN DION, J.J.DOE1, J.J
DOE2, J.J. DOE3, JOHN DOE 1, JOHN DOE 2 AND
JOHN DOE 3,

                            *Defendants.*

**DEFENDANTS' FIRST
SUPPLEMENTAL
INITIAL DISCLOSURES**

Docket No.: 8:18-cv-394
(BKS/DJS)

Defendants CLARISSA M. RODRIGUEZ, in her official capacity and TITIAN DION, by

their attorney, LETITIA JAMES, Attorney General of the State of New York, Brian W. Matula,

Esq., Assistant Attorney General, of counsel, as and for Defendants' First Supplemental Initial

Disclosures, state as follows:

1.    **Witnesses**.  In addition to those previously identified, Defendants believe the

following individuals may have knowledge as to the facts or defenses of this case:

| | |
|---|---|
| Danielle Woodley (Crowley)<br>WCB Employee<br><br>Assistant Workers' Compensation<br>Examiner (at time of review)<br>Legal Assistant I (current job title) | Ms. Crowley is believed to have reviewed Plaintiff's request for redetermination and identified that the redetermination concerned an issue of "Proof of Coverage" or "POC" and entered "POC" into the WCB's IC-2 electronic system. It is believed that entry of POC in the IC-2 system would have resulted in the generation of a denial letter which would in turn be mailed to the Plaintiff. |



DEFENDANT'S
EXHIBIT
B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT CRAIG CASSIDY, D/B/A
MOUNTAIN TIME AUCTIONS,
ANTIQUES, AND MATTRESSES,

*Plaintiff,*

-against-

CLARISSA M. RODRIGUEZ, CHAIR,
NEW YORK WORKERS'
COMPENSATION BOARD IN HER
OFFICIAL CAPACITY, TITIAN DION,

*Defendants.*

Civil Action No.
18-CV-0394

**NOTICE OF DEPOSITION**

**LETITIA JAMES**

Attorney General of the
State of New York
Attorney for Defendants

The Capitol
Albany, New York 12224
(518) 776-2599
Fax: (518) 915-7740
(Not for service of papers)

PLAINTIFF'S EXHIBIT NO. $EX-22$

CASE NO.:

IDENTIFICATION:

ADMITTED:

Robert Craig Cassidy
43 Pleasant Street
Rutland, Vermont 05701

August 23 2019

Docket 18-cv-0394
Northern District of New York

Honorable Letitia James
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

Madame Attorney General:

I was very surprised to see you personally enter this case at this time
(exhibit one) given A.A.G. Matula's inducement of Worker's Compensation
Board Attorney Joseph Slater to bear false witness (exhibit 2) in Slater's
previous "Affirmation" of June 28 2019. (exhibits 3 through 10)

As a former U.S. Army company commander it then dawned on me that you
were doing what any good commander would do, sharing your prestige with
a subordinate who may have got himself in a tight spot.

If you will bear with me a few minutes, I will share with you evidence
developed thus far in this case which I plan to share with a Federal jury.

First, WCB charged me with a $12,000.00 penalty on June 2, 2016 - the
very day my current Worker's Comp installment payment cleared my bank.

When I appealed that penalty, the WCB refused to consider the published
appeal of a 73 year old veteran (me) because I was "not in compliance."
Paying NYSIF premiums on and filling out transfer documents for the old
employer's policy which NYS law entitled me to do made no difference.
The WCB Penalty notice carried someone else's Federal Employer number
so my appeal would probably have been useless anyway.

Adding insult to injury, the WCB added another $6,000 to the penalty total
as their way of thanking me for filing the appeal which they would not
consider.

PLAINTIFF'S EXHIBIT NO. EX -2 3

CASE NO.:

IDENTIFICATION:

ADMITTED:

According to WCB Attorney Slater in Affirmation One, the WCB sent me a final notice which I never received. Frankly I doubt any final notice was ever printed back in November 2017. Also, if the State is going to warn victims with "final notices", why not mail them in priority mail envelopes which are trackable and require no signature upon delivery. It seems to me that proof of delivery on a $22,500.00 judgment is worth $6-7 in postage.

But then, there was no judgment! In Affirmation one Attorney Slater swore under oath to a sitting U.S. District Court Judge that "The judgment was filed approximately four (4) months later on March 30, 2018." (Paragraph 9, exhibit 5)

The so-called judgment was rejected by the Essex County Court (exhibit 15) because the WCB, the same WCB who put the wrong Employer number on my October 2016 penalty notice, decided that the way to solve that problem was to put NO FEDRAL EMPLOYER NUMBER on the current judgment packet. The Supreme Court in Essex County would not accept that action (or lack thereof).

It gets better. According to information on the Essex County Supreme Court Confirmation Notice, the error rejection notice was e-mailed back to **GRANT, CHRISTOPHER O'NEIL-jdu@wcb.ny.gov (boldness in original)** on "03/30/2018 01:17 PM." By the way, the blue color indicates that the e-mail address was a good one and the message was received at WCB. (exhibit 15)

The message became WCB item "W# 2905274" processed or logged into "JU" on "6-15-18." The "JU" Plaintiff believes stands for WCB's "Judgment Unit." It appears the notice of rejection of a $22,500.00 judgment sat around the WCB For two and one half months unprocessed !!

We aren't quite finished, yet. It was Plaintiff Cassidy in his challenge of "Senior Attorney" Slater's June 28 2019 "Affirmation" who uncovered the judgment error, NOT THE WCB BUREAUCRATS!!! Yet, A.A.G. Matula insists WCB's post-deprivation processes are sufficient citizen protections.

PLAINTIFF'S EXHIBIT NO. E X -24

CASE NO.:

IDENTIFICATION:

ADMITTED:

On May 20 2019 an informal settlement conference was held in Albany. I enclose a copy of the three page pre-conference summary of position that the Federal Magistrate asked for. Please read the summary as it clearly if amateurishly states Plaintiff's position. (Exhibits 16, 17, and 18)

Madam Attorney General, if you have not seen enough yet, there is no sense in my listing any more.

Since you appear to have the courage to intervene, I am asking you to consider a unique settlement agreement. If you want to try this case, fine. Thank you for your attention. Sorry to have bothered you.

If you would like this to go away with all the practices (judgments without hearing, no appeals accepted, charging penalties to compliant taxpayers, incompetent bureaucratic management) of the WCB and NYSIF in place and unharmed, I ask you to go to the Governor with this letter or the information in it. Suggest that an unrestricted economic development grant of $149,000.00 be given to this Plaintiff who will use that money to reconstruct his life back in Ticonderoga. Much of the funds we are talking about will be plowed back into Ticonderoga's Montcalm Street which could sorely use the help.

In this way there is no 11th Amendment state payment challenge, no court precedent set, no constitutional challenge to existing WCB and NYSF laws and procedures, no public unveiling of WCB and NYSIF negligent business management practices. It has been anecdotally offered to me that WCB collects three to five million dollars annually through penalty schemes. It seems to me that $149,000 in grant to protect three to five million dollars annually is not a bad return on investment. Plaintiff Cassidy lives in Vermont but works in New York and is able to claim diversity jurisdiction in Federal Court. There may not be another situation like this in current litigation in New York State.

PLAINTIFF'S EXHIBIT NO.   E x - 25

CASE NO.:

IDENTIFICATION:

ADMITTED:

I would offer this compromise through the month of September 2019.
Beginning October 1 2019, I would also offer settlement but the amount
increases by $25,000 to $174,000 which additional sum would go to
American Legion Post 224 in Ticonderoga which has a wonderful employee
facing medical challenges which will cost her months of employment.  I
would stand mutely by and applaud if a New York State person appeared in
person to make the award.

In closing, I am prepared to try this case in the Northern District.  Win or
lose I see either the State or myself  advancing the case to the 2nd Circuit
Court of Appeals in New York City.  Win or lose in New York City,
I see one or the other asking certiorari to the U.S. Supreme Court.

Will this case eventually make national news as
 Timbs v. Indiana (586 US _____ (2019) did ?

If unsettled, what effect will this case have on the millions of dollars of
WCB penalties already charged ?

As vocalists Sonny and Cher once sang, "…And the beat goes on …."


Respectfully yours,



Robert Craig Cassidy

Plaintiff , and lifelong Adirondack New Yorker at heart

PLAINTIFF'S EXHIBIT NO.   EX-26

CASE NO.:

IDENTIFICATION: